**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | ) )  ) **Criminal No.** |
| v. | ) **15-10338-18-FDS** |
| **JOEL MARTINEZ,** | ) ) ) |
| Defendant. | ) ) |

## ORDER TO SHOW CAUSE

Petitioner, proceeding *pro se*, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Essentially, the petition alleges ineffective assistance of counsel based on counsel's unwillingness to prosecute an appeal.

The United States has moved for an order authorizing and directing defendant's counsel to disclose otherwise-privileged matters in order to respond to the petition.

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003).

Accordingly, defendant is ordered to show cause within 21 days (that is, by August 5, 2019), why he should not be deemed to have waived the attorney-client privilege by having filed a motion under § 2255 alleging ineffective assistance of counsel. Failure to do so will result in a finding of waiver and an order directing Attorney Ettenberg to produce the requested material.

2

**So Ordered.**

                                                /s/ F. Dennis Saylor IV
                                                F. Dennis Saylor IV
Dated: July 15, 2019                     United States District Judge